UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

|  |  |
|---|---|
| ADAPTIX, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  6:14-cv-502 |
| ) | |
| ERICSSON, INC. , ) | **JURY TRIAL DEMANDED** |
| TELEFONAKTIEBOLAGET ) | |
| LM ERICSSON, CELLCO ) | |
| PARTNERSHIP D/B/A VERIZON ) | |
| WIRELESS ) | |
| ) | |
| Defendants. ) | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which plaintiff, ADAPTIX, Inc. ("ADAPTIX"), complains against defendants, Ericsson, Inc. ("Ericsson"), Telefonaktiebolaget LM Ericsson ("LM Ericsson"), and Cellco Partnership *d/b/a* Verizon Wireless ("Verizon") as follows:

## THE PARTIES

1. ADAPTIX is a Delaware corporation with its principal place of business in the Eastern District of Texas at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093

2. On information and belief, Ericsson, Inc. ("Ericsson") is a Delaware corporation with its headquarters and principal place of business at 6300 Legacy Drive, Plano, Texas 75024. Ericsson's registered agent for service of process in Texas is Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701.

3. On information and belief, Telefonaktiebolaget LM Ericsson ("LM Ericsson") is a Swedish corporation with its principal place of business at Torshamsgatan 23, Kista, 164 83 Stockholm, Sweden. Upon information and belief, LM Ericsson does not have a registered agent for service of process in Texas.

4. On information and belief, Cellco Partnership *d/b/a* Verizon Wireless ("Verizon") is a Delaware corporation with its principal place of business at 1 Verizon Way, Basking Ridge, New Jersey 07920. Verizon has designated Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808 as its agent for service of process. Alternatively, Verizon may be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Verizon at its principal place of business at 1 Verizon Way, Basking Ridge, New Jersey 07920 – Return Receipt Requested.

5. Ericsson, LM Ericsson and Verizon may be collectively referred to herein as "the Defendants."

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b, c) and 1400(b). On information and belief, each Defendant has purposely transacted business in this Judicial District and has committed acts of direct and/or indirect infringement in this Judicial District.

8. On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute,

due at least to their substantial business in this forum, including: (A) at least part of their infringing activities alleged herein, and (B) regularly doing or soliciting business, engaging in others persistent causes of conduct, and/or deriving substantial revenue from goods and services provided to persons and other entities in Texas and this Judicial District.

## COUNT I

(INFRINGEMENT OF U.S. PATENT NO. 7,146,172)

9. ADAPTIX is the owner by assignment of United States Patent No. 7,146,172, entitled "MULTI-CARRIER COMMUNICATIONS WITH ADAPTIVE CLUSTER CONFIGURATION AND SWITCHING" ("the '172 patent") with ownership of all substantial rights in the '172 patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof. A true and correct copy of the '172 patent is attached as Exhibit A.

10. On information and belief, Ericsson and LM Ericsson are jointly, directly and/or indirectly infringing at least one claim of the '172 patent in this Judicial District and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the RBS 6000 family of products which, at a minimum, directly infringe the '172 patent. Ericsson and LM Ericsson are thereby liable for infringement of the '172 patent pursuant to 35 U.S.C. § 271 and their infringement has caused damage to ADAPTIX, which infringement by defendants and damage to ADAPTIX will continue unless and until Ericsson and LM Ericsson are enjoined.

11. On information and belief, Verizon is directly and/or indirectly infringing at least one claim of the '172 patent in this Judicial District and elsewhere in Texas and the

United States by, among other things using, offering for sale, selling and/or importing computerized communications devices including without limitation the RBS 6000 family of Ericsson products which, at a minimum, directly infringe the '172 patent. Verizon is thereby liable for infringement of the '172 patent pursuant to 35 U.S.C. § 271 and its infringement has caused damage to ADAPTIX, which infringement by defendants and damage to ADAPTIX will continue unless and until Verizon is enjoined.

12. On information and belief, the Defendants directly contribute and induce infringement through supplying infringing systems and components to customers. Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with Defendants' instructions directly infringe one or more claims of the '172 patent in violation of 35 U.S.C. § 271.

13. The infringement by each Defendant identified in this Count has caused irreparable injury to ADAPTIX for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

14. Verizon is also a Defendant in *ADAPTIX, Inc. v. Alcatel-Lucent USA, Inc., et al.*, Case No. 6:12-cv-122, which alleges infringement of the '172 patent. Verizon has thus been on notice of its infringement since at least the filing of the Complaint in that matter, on March 9, 2012.

15. Ericsson and LM Ericsson are also Defendants in *ADAPTIX, Inc. v. Ericsson Inc., et al.*, Case No. 6:13-cv-49, which alleges infringement of the '172 patent. Ericsson and LM Ericsson have thus been on notice of their infringement since at least the filing of the Complaint in that matter, on January 10, 2013.

Case 6:14-cv-00502-RWS-CMC   Document 1   Filed 05/20/14   Page 5 of 9 PageID #:  5

## COUNT II

(INFRINGEMENT OF U.S. PATENT NO. 6,904,283)

16. ADAPTIX is the owner by assignment of United States Patent No. 6,904,283 entitled "MULTI-CARRIER COMMUNICATIONS WITH GROUP-BASED SUBCARRIER ALLOCATION" ("the '283 patent") with ownership of all substantial rights in the '283 patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof. A true and correct copy of the '283 patent is attached as Exhibit B.

17. On information and belief, Ericsson and LM Ericsson are jointly, directly and/or indirectly infringing at least one claim of the '283 patent in this Judicial District and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the RBS 6000 family of products which, at a minimum, directly infringe the '283 patent. Ericsson and LM Ericsson are thereby liable for infringement of the '283 patent pursuant to 35 U.S.C. § 271 and their infringement has caused damage to ADAPTIX, which infringement by defendants and damage to ADAPTIX will continue unless and until Ericsson and LM Ericsson are enjoined.

18. On information and belief, Verizon is directly and/or indirectly infringing at least one claim of the '283 patent in this Judicial District and elsewhere in Texas and the United States by, among other things using, offering for sale, selling and/or importing computerized communications devices including without limitation the RBS 6000 family of Ericsson products which, at a minimum, directly infringe the '283 patent. Verizon is thereby liable for infringement of the '283 patent pursuant to 35 U.S.C. § 271 and its infringement has

caused damage to ADAPTIX, which infringement by defendants and damage to ADAPTIX will continue unless and until Verizon is enjoined.

19. On information and belief, the Defendants directly contribute and induce infringement through supplying infringing systems and components to customers. Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with Defendants' instructions directly infringe one or more claims of the '283 patent in violation of 35 U.S.C. § 271.

20. The infringement by each Defendant identified in this Count has caused irreparable injury to ADAPTIX for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

21. Verizon is also a Defendant in *ADAPTIX, Inc. v. Alcatel-Lucent USA, Inc., et al.*, Case No. 6:12-cv-122, which alleges infringement of the '283 patent. Verizon has thus been on notice of its infringement since at least the filing of the Complaint in that matter, on March 9, 2012.

22. Ericsson and LM Ericsson are also Defendants in *ADAPTIX, Inc. v. Ericsson Inc., et al.*, Case No. 6:13-cv-49, which alleges infringement of the '283 patent. Ericsson and LM Ericsson have thus been on notice of their infringement since at least the filing of the Complaint in that matter, on January 10, 2013.

## COUNT III

(INFRINGEMENT OF U.S. PATENT NO. 6,870,808)

23. ADAPTIX is the owner by assignment of United States Patent No. 6,870,808, entitled "CHANNEL ALLOCATION IN BROADBAND ORTHOGONAL FREQUENCY-

DIVISION MULITPLEPACCESS/SPACEDIVISION MULTIPLE-ACCESS NETWORKS" ("the '808 patent") with ownership of all substantial rights in the '808 patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof. A true and correct copy of the '808 patent is attached as Exhibit C.

24. On information and belief, Ericsson and LM Ericsson are jointly, directly and/or indirectly infringing at least one claim of the '808 patent in this Judicial District and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the RBS 6000 family of products which, at a minimum, directly infringe the '808 patent. Ericsson and LM Ericsson are thereby liable for infringement of the '808 patent pursuant to 35 U.S.C. § 271 and their infringement has caused damage to ADAPTIX, which infringement by Defendants and damage to ADAPTIX will continue unless and until Ericsson and LM Ericsson are enjoined.

25. On information and belief, Verizon is directly and/or indirectly infringing at least one claim of the '808 patent in this Judicial District and elsewhere in Texas and the United States by, among other things using, offering for sale, selling and/or importing computerized communications devices including without limitation the RBS 6000 family of Ericsson products which, at a minimum, directly infringe the '808 patent. Verizon is thereby liable for infringement of the '808 patent pursuant to 35 U.S.C. § 271 and its infringement has caused damage to ADAPTIX, which infringement by defendants and damage to ADAPTIX will continue unless and until Verizon is enjoined.

26. On information and belief, Defendants directly contribute and induce infringement through supplying infringing systems and components to customers.

Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with defendants' instructions directly infringe one or more claims of the '808 patent in violation of 35 U.S.C. § 271.

27. The infringement by each Defendant identified in this Count has caused irreparable injury to ADAPTIX for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

28. Verizon is also a Defendant in *ADAPTIX, Inc. v. Alcatel-Lucent USA, Inc., et al.*, Case No. 6:12-cv-122, which alleges infringement of the '808 patent. Verizon has thus been on notice of its infringement since at least the filing of the Complaint in that matter, on March 9, 2012.

29. Ericsson and LM Ericsson are also Defendants in *ADAPTIX, Inc. v. Ericsson Inc., et al.*, Case No. 6:13-cv-50, which alleges infringement of the '808 patent. Ericsson and LM Ericsson have thus been on notice of their infringement since at least the filing of the Complaint in that matter, on January 10, 2013.

## **PRAYER FOR RELIEF**

Wherefore, ADAPTIX respectfully requests that this Court enter:

A. Judgment in favor of ADAPTIX that each Defendant has infringed the '172, '283 and '808 patents as aforesaid;

B. A permanent injunction enjoining each Defendant, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents and all others acting in active concert or privity therewith from direct, indirect and/or joint infringement of the '172, '283 and '808 patents pursuant to 35 U.S.C. § 283;

   C. Judgment and order requiring each Defendant to pay ADAPTIX its damages with pre- and post-judgment interest thereon pursuant to 35 U.S.C. § 284;

   D. Any and all further relief to which the Court may deem ADAPTIX entitled.

## **DEMAND FOR JURY TRIAL**

ADAPTIX requests a trial by jury on all issues so triable by right pursuant to Fed. R. Civ. P. 38.

Date: May 20, 2014   **ADAPTIX, INC.**

   By: */s/ Paul J. Hayes*
   Paul J. Hayes
   Steven E. Lipman
   **HAYES MESSINA GILMAN & HAYES, LLC**
   200 State Street, 6th Floor
   Boston, MA 02109
   Tel: (617) 439-4200
   Fax: (617) 443-1999
   phayes@hayesmessina.com
   slipman@hayesmessina.com

   Craig Tadlock
   Texas State Bar No. 00791766
   TADLOCK LAW FIRM PLLC
   2701 Dallas Parkway, Suite 360
   Plano, Texas 75093
   Phone:  (903) 730-6789
   Email:  craig@tadlocklawfirm.com

   ATTORNEYS FOR ADAPTIX, INC.